Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 AUG -() PM 3: 27

CLERK OF COURT

BY



# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| N.S.K. INC. dba BENII RESTAURANT, <br><br> Plaintiff, <br><br> vs. <br><br> NINA KYONG A. LEE aka NINA KYONG AH LEE and NINA LEE , <br> Defendant. | ) CASE NO. CV1182-08 <br> ) <br> ) <br> ) **DECISION AND ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on April 9, 2012 on Plaintiff's Motion. Attorney Vanessa Ji represented Plaintiff N.S.K. Inc. dba Benii Restaurant. Attorney Curtis C. Van de Veld represented Defendant, Nina Kyong A. Lee. Following the hearing the Court took the matter under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

This action was filed on October 7, 2008, by N.S.K. Inc. dba Benii Restaurant, as a complaint for damages against Nina Kyong A. Lee for actions arising from breach of fiduciary duty. Plaintiff seeks to enlarge time for conducting discovery pursuant to Guam Rule of Civil Procedure 6(b). Plaintiff requires additional time because during the life of this case there have been two vacated trial dates and various delays due to alleged neglectful conduct of Plaintiff's former attorney, Danilo Aguilar, who is currently suspended from the practice of law.

The original Scheduling Order set trial for November 19, 2009. The court later vacated this Order and reset trial for April 21, 2010, though this date also lapsed without trial and without this court issuing a new scheduling order. As such, there are no current discovery or motion deadlines, and there is no trial date.

Attorney Vanessa Ji entered an appearance on behalf of Plaintiff N.S.K. Inc. on October 12, 2011, following Mr. Aguilar's suspension from the practice of law. Plaintiff, upon realizing that there had been no discovery regarding any of the claims in this action, filed the present motion to request an extension of time to conduct discovery and file dispositive motions.

## DISCUSSION

All relevant deadlines in this case expired and there is no current scheduling order establishing future deadlines for discovery or the submission of dispositive motions. Plaintiff requests additional time to conduct discovery and argues that enlargement of discovery deadlines is appropriate under Guam Rule of Civil Procedure 6(b)(2) because Plaintiff's failure to timely conduct discovery is a result of excusable neglect. In contrast, Defendant claims the standard for modifying a scheduling order is one of good cause under GRCP 16. Defendant argues Plaintiff cannot show good cause as Plaintiff has not acted diligently in prosecuting this action. However, as Plaintiff filed the present motion pursuant to Rule 6(b), this Court will limit its analysis as to whether an extension of the expired deadlines is proper under the excusable neglect standard imposed by Rule 6(b)(2), rather than a good cause standard under Rule 16(b).

### I.    Legal Standard

Plaintiff has moved to enlarge time for discovery and filing of dispositive motions under G.R.C.P. 6(b)(2). That rule provides in relevant part:

> **Enlargement.** When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion...upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect...

GRCP 6(b)(2). In this case, the most recent scheduling order has expired and there is no indication that either party conducted discovery regarding their respective claims and counterclaims. As the deadlines have expired, extension of time to conduct discovery under Rule 6)(b)(2) is proper only upon a showing by Plaintiff that the failure to comply with the previous deadlines is due to excusable neglect.

## II. Legal Analysis

The United States Supreme Court has stated that "if the rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to adjudication on the merits." *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363 (1966). The purpose of Rule 6 is to give "wide discretion to the court to enlarge time limits or revive them after they have expired." Fed. R. Civ. P. 6 advisory comm. nn. (1946). In *Pioneer Inv. Serv. v. Brunswick Assoc. Ltd.*, 507 U.S. 380 (1993), the Supreme Court considered application of an excusable neglect standard to extend filing deadlines in bankruptcy proceedings under federal Bankruptcy Rule 9006(b)(1). After noting various other instances of the phrase 'excusable neglect' within the Federal Rules of Civil Procedure, upon which the Bankruptcy rule was modeled, the Court concluded "that because Congress has provided no other guideposts for determining what sorts of neglect will be considered excusable the determination is an equitable one, taking account of all relevant circumstances." *Id.* at 395. Guam's own procedural rules, modeled after the Federal Rules of Civil Procedure, do not explicitly define what constitutes excusable neglect; therefore,

this Court must make an equitable determination as to whether the circumstances here support granting an extension of time.

In *Pioneer*, Supreme Court approved of various factors applied by the lower courts that provide helpful guidance for considering whether there has been excusable neglect. *Id.* at 395. Those factors include: (A) whether granting the delay will prejudice the non-moving party; (B) the length of the delay and its impact on efficient court administration; (C) whether the delay was beyond the reasonable control of the person whose duty it was to perform; (D) whether the moving party acted in good faith; and (E) whether clients should be penalized for their counsel's mistake or neglect. *Id.* at 385.

### A. Whether allowing further delay will prejudice the non-moving party

Defendant here alleges they have suffered prejudice from the delay, which has resulted in key witnesses leaving island, loss of memory by witnesses, and potential destruction of business records. Only the allegation regarding fading memories holds any merit at this time. As the Guam Supreme Court has recognized, "[u]nnecessary delay inherently increases the risk that memories will fade and evidence will become stale." Petition of Quitugua v. Flores, 2004 Guam 19 ¶ 19. (citing Sibron v. New York, 392 U.S. 40, 57, 88 S.Ct. 1889, 1899 (1968)). Thus, "[o]nce a delay is determined to be unreasonable, prejudice . . . is presumed." Santos 1997 Guam 4 ¶ 8. Therefore, this Court accepts the allegation that Defendant has suffered at least some prejudice from the nearly four-year delay in conducting discovery.

This Court finds Defendant's remaining contentions regarding the absence of key witnesses and potential destruction of business records to be insufficient to support a claim of prejudice in this case. Oftentimes parties in a civil action must make accommodations for witnesses that no longer reside in the relevant jurisdiction. The mere fact that a witness no longer lives on Guam does not compel the conclusion that the witness will not be available for trial as Defendant

-4-

apparently suggests. Second, Defendant offers no actual proof to support her suggestion that important business records may no longer be available. Defendant freely admits that she does not know how long the various companies who may have records relevant to the issues in this case maintain their business records. (Def.'s Decl. ¶¶ 9-10) This Court will not find prejudice based on Defendant's mere speculation regarding the availability or non-availability of evidence or witnesses.

Furthermore, this Court notes that Defendant has filed a counterclaim in this action and there is no indication that the parties conducted any discovery with respect to Defendant's claim. Thus, Defendant's own suit may benefit from an extension of deadlines. This Court finds that while there may be some prejudice resulting from the delay, this factor weighs only slightly against granting Plaintiff's request to extend time for discovery.

## B. The length of the delay and its impact on efficient court administration

Another relevant factor in considering whether a party's neglect is excusable is the length of the delay and its impact on efficient court administration. In *Dept. of Revenue and Taxation. v. Guam Civil Serv. Comm'n*, 2007 Guam 17, the Guam Supreme Court analyzed the finality doctrine and the important policy of eliminating delays. The Court recognized that "efficient administration of justice requires that finality be brought to each cause at some determinable point." *Id.* at 7. In this case there is no current scheduling order and thus no applicable pre-trial deadlines or trial date. This Court believes that allowing a brief time for discovery and the filing of dispositive motions prior to trial would facilitate the efficient administration of justice and would be favorable to all parties involved.

## C. Whether the delay was beyond the reasonable control of the person whose duty it was to perform

It is well-accepted that a party generally cannot "avoid the consequences of the acts or omissions of [his] selected agent." *Link v. Wabash*, 370 U.S. 626, 633-34 (1962). Despite its recognition of this general principle, the Guam Supreme Court, in *Brown v. Eastman Kodak*, 2000 Guam 30, held that no fault could be attributed

to a plaintiff where the failure to meet deadlines is attributable to a pattern of inexcusable neglect by plaintiff's counsel. *Brown* at ¶ 35. In *Brown*, counsel for the plaintiff had engaged in pattern of neglect, which included a failure to respond to a motion for summary judgment that resulted in judgment against the plaintiff. Upon determination by the Court that the attorney's conduct amounted to inexcusable neglect, the Court held that the facts were sufficient to find extraordinary circumstances justifying relief from judgment and the Court affirmed the trial court's ruling setting aside judgment under GRCP 60(b)(6). *Id*. at ¶¶ 38-39.

Although the issues in *Brown* involved an analysis under GRCP 60(b), this Court finds the principles enunciated in *Brown* to be helpful in resolving whether the delay in this case can be attributed to Plaintiff. Here, Mr. Aguilar failed to inform Plaintiff of the status of his case and impending deadlines, and failed to respond consistently to Plaintiff's communications. (Decl. of Jae Ji, ¶¶ 7-8, 12) Apparently, Mr. Aguilar even failed to notify Plaintiff of his suspension from the practice of law. (Decl. of Jae Ji ¶14) Under *Brown*, Mr. Aguilar's failure to inform Plaintiff of deadlines and failure to comply with such deadlines could be viewed as inexcusable neglect that was beyond Plaintiff's reasonable control.

However, despite Mr. Aguilar's clear neglect of Plaintiff's case, this Court is not entirely convinced that the delay here was completely beyond Plaintiff's control. Plaintiff's own declaration suggests that Plaintiff received numerous red flags indicating that Mr. Aguilar was not diligently pursuing Plaintiff's case. Nevertheless, Plaintiff faithfully stuck with Mr. Aguilar for years before finally retaining new counsel, apparently only after Plaintiff realized Mr. Aguilar was summarily suspended from the practice of law by the Guam Supreme Court. However, it does appear that during this time Mr. Aguilar continually represented to Plaintiff that Plaintiff's case had been delayed pending reassignment to a new court and that Mr. Aguilar was merely awaiting a trial date before resuming work on the case. (Decl. of Jae Ji, ¶ 9) Mr. Aguilar did not, apparently, inform Plaintiff that a new trial date had been set. (Decl. of Jae Ji, ¶¶ 11, 14-15) In light of these facts and the clear inexcusable neglect on the part of Mr. Aguilar, and

notwithstanding Plaintiff's ill-advised decision to continue to retain Mr. Aguilar's services until Mr. Aguilar's ultimate suspension, this Court finds that the delay was beyond Plaintiff's reasonable control.

## D. Whether the moving party acted in good faith

All indications suggest that Plaintiff in this case merely seeks an opportunity to engage in discovery regarding the issues presented by the parties' claims. There is no evidence suggesting that Plaintiff has acted with anything other than good faith throughout these proceedings.

## E. Whether clients should be penalized for their counsel's mistake or neglect

Finally, this Court considers whether circumstances justify penalizing Plaintiff for Mr. Aguilar's failure to comply with the discovery deadlines in this case. Plaintiff again relies on *Brown* to support his claim that he should not be punished for the delays caused by Mr. Aguilar. As briefly noted above, *Brown* addressed whether judgment against the plaintiff was properly set aside under GRCP 60(b)(6) due to extraordinary circumstances involving a pattern of neglect by counsel. The Court ultimately found that inexcusable neglect and abandonment of the case by counsel without informing the plaintiff went beyond mere professional negligence and constituted extreme circumstances justifying relief from judgment. *Id.* at ¶¶ 21-22, 26. Thus, upon recognizing that "[e]quitable considerations may warrant set aside in the interests of justice," the Court upheld the lower court's ruling setting aside the judgment. *Id.* at ¶ 27.

While *Brown* did not specifically address the issue of excusable neglect, that decision supports the premise asserted by Plaintiff here that when a party's failure to meet deadlines can be attributed to inexcusable neglect by the party's attorney, equitable considerations weigh against penalizing that party for the action or inaction of their attorney. *See also Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001) ("an attorney's egregious failure to read and follow clear and unambiguous rules might sometimes be excusable neglect . . . ."). In this case, this Court finds that

-7-

Plaintiff should not be penalized for Mr. Aguilar's apparent and inexcusable desertion of Plaintiff's case.

Given the unique facts of this case, and upon consideration of these five factors, this court finds that equitable considerations relating to the circumstances of this case warrant a finding of excusable neglect by Plaintiff in failing to meet deadlines imposed by the prior scheduling order. Thus, pursuant to Rule 6(b)(2), this Court will briefly extend the time for conducting discovery and for filing dispositive motions to facilitate a prompt and meaningful prosecution of the parties' claims on the merits.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiffs Motion for Enlargement of Time. Discovery in this case will close 30 days after this Decision and Order is issued. A Scheduling Conference will be held on September 24, 2012.

It is **SO ORDERED** this 1st day of August, 2012.

_____

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam.

AUG 0 1 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

ORIGINAL